IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DAMHESEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 6581 |
| | ) | |
| CHICAGO HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Chicago Housing Authority's (CHA) motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part, and the remaining state law claims are dismissed without prejudice.

## BACKGROUND

In March 2014, Plaintiff John Damhesel (Damhesel) allegedly received a voucher (Voucher) from the CHA for the Section 8 Housing Choice Voucher Program (Voucher Program) instituted in accordance with Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f (Housing Act). The Voucher allegedly indicated that it would expire on December 15, 2014. Damhesel acknowledges that he did not take any of the necessary steps to utilize the Voucher or

1

participate in the Voucher Program prior to the expiration date. However, Damhesel now contends, in retrospect, that he should have been accorded due process in the form of a hearing before his eligibility for the Voucher Program was terminated. Damhesel also contends that he should not have been removed from the Voucher Program waiting list. Damhesel has brought the instant action seeking injunctive relief and attorneys' fees, and compensatory damages. Damhesel includes in his complaint a claim brought pursuant to 42 U.S.C. § 1983 (Section 1983) alleging a deprivation of due process (Count I), a Fourth Amendment Section 1983 claim (Count II), a Housing Act claim (Count III), a claim for a petition for certiorari seeking judicial review of CHA's final administrative decision (Count IV), and a mandamus claim (Count V). CHA now moves to dismiss the instant action.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that

contains factual allegations that are "merely consistent with a defendant's liability . . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

I.  Inability to Use Voucher in Timely Fashion

In the complaint, Damhesel vaguely asserts that he could not use the Voucher before it expired, alleging that "despite [his] best efforts, he was unable to use the voucher before the expiration date." (Compl. 1). However, in response to the instant motion, Damhesel elaborates the circumstances surrounding his efforts, stating that he applied for a rental unit and the landlord ultimately refused to rent to Damhesel because the rent offered by the CHA was too low. (Resp. 7). Such facts do not even remotely suggest that Damhesel was unable to use the Voucher in the more than nine months that Damhesel was given to use the Voucher. It was Damhesel's obligation, not the CHA's obligation, to locate appropriate housing and take the proper administrative steps to participate in the Voucher Program. Damhesel has offered no facts to suggest that the necessary information for participation in the Voucher Program was withheld from him or any facts that indicate that he was prevented from pursuing such administrative steps. CHA also correctly points out that there is no allegation that Damhesel even requested a new voucher after the expiration of the Voucher. Instead, Damhesel has turned to litigation. As explained below, even if

3

the court accepts as true for the purposes of the instant motion that Damhesel's conclusory allegation that he was unable to use the Voucher prior to the expiration date, CHA cannot be held liable for its actions in regard to Damhesel since Damhesel does not allege that he was a participant in the Voucher Program, or shown that he has a private right of action under the Housing Act.

II. Lack of a Legitimate Interest (Counts I and II)

CHA argues that Damhesel has not alleged facts that would suggest that he had an interest in participation in the Voucher Program that could support a Section 1983 due process claim or Section 1983 Fourth Amendment claim. For a due process claim, a plaintiff must establish that the state deprived the plaintiff "of a constitutionally protected liberty or property interest and that the deprivation occurred without constitutionally adequate process." *Citizens Health Corp. v. Sebelius*, 725 F.3d 687, 693-94 (7th Cir. 2013)(stating that "[t]he threshold question in any due process challenge is whether a protected property or liberty interest actually exists"); *see also Khan v. Bland*, 630 F.3d 519, 535 (7th Cir. 2010)(stating that "[i]ntrusion upon a cognizable property interest is a threshold prerequisite to a substantive due process claim")(internal quotations omitted)(quoting *Gen. Auto Serv. Station v. City of Chi.*, 526 F.3d 991, 1002 (7th Cir. 2008)). For a Fourth Amendment claim premised on an alleged improper seizure, a plaintiff must establish a possessory interest in the property. *United States v. James*, 571 F.3d 707, 713 (7th Cir. 2009)(indicating that the "use of the term 'seizure'" means "some meaningful

4

interference with an individual's possessory interests in [his] property")(internal quotations omitted)(quoting *Soldal v. Cook County*, 506 U.S. 56, 61 (1992)).

The court can consider the contents of the Voucher in ruling on the instant motion since the Voucher is referenced in the complaint and is central to Damhesel's claims. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)(stating that "[i]t is well settled that in deciding a Rule 12(b)(6) motion, a court may consider documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim")(internal quotations omitted)(quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). The Voucher informed Damhesel that a public housing agency (PHA), which in this case was the CHA, had determined that he was "eligible to participate" in the program under which the CHA would enter into a housing assistance payments (HAP) contract with the owner of a residential unit. (Mot. Ex. 2). The Voucher also specifically included the following language:

> The voucher does not give the family any right to participate in PHA's housing choice voucher program. The family becomes a participant in the PHA's housing choice voucher program when the HAP contract between the PHA and owner takes effect.

(Mot. Ex. 2). Damhesel does not allege facts that would suggest that he took any steps to cause any contract to take effect. Although Damhesel argues in response to the instant motion that CHA refused to issue Damhesel a new voucher, Damhesel's allegations suggest only that the Voucher expired on its own terms. There is no allegation that the Voucher was withdrawn by CHA, that Damhesel requested a new

5

voucher, or that such a request was refused. Nor did Damhesel even qualify for an informal hearing under the CHA's Administrative Plan since there is no indication that he was denied any relief that would warrant such a hearing.

The precedent cited by Damhesel himself only reinforces the conclusion that he lacks any interest that could support a Section 1983 claim. For example, Damhesel relies upon *Holbrook v. Pitt*, 643 F.2d 1261 (7th Cir. 1981). However, in *Holbrook*, the plaintiffs were participants in the housing assistance program, not merely individuals who were eligible for the program. *Id.* at 1264. Damhesel has not identified any interest that could be the underlying basis for any Section 1983 claim in this case. Therefore, CHA's motion to dismiss the Section 1983 due process claim (Count I) and the Section 1983 Fourth Amendment claim (Count II) is granted.

III. Housing Act Claim (Count III)

CHA argues that the Housing Act does not provide a private right of action. Damhesel has not pointed to any statute that expressly provides him with a private right of action under the Housing Act. To determine whether a private right of action may be implied from an act of Congress, a court should consider "whether Congress intended an implied right of action . . . in light of the statute's language, structure, and legislative history." *Edelson v. Ch'ien*, 405 F.3d 620, 630 (7th Cir. 2005)(internal quotations omitted)(quoting *Mallett v. Wisconsin Div. of Vocational Rehab.*, 130 F.3d 1245 (7th Cir. 1997)). Damhesel has not pointed to controlling precedent that recognizes the implied private right of action under the Housing Act,

which would provide a right of action to those who are merely found to be eligible for the Voucher Program. Nor has Damhesel shown that such an implied right should be recognized based on the language, structure and legislative history of the Housing Act. *See Edelson*, 405 F.3d at 630 (stating that "[t]he central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action")(internal quotations omitted)(quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979)). The court declines, in this instance, to recognize such a private right of action that was not specifically provided by Congress in the Housing Act. CHA does not dispute that if Damhesel had become a participant in the Voucher Program, he would have been entitled to certain rights and due process, but Damhesel's allegations do not suggest that he took the necessary steps to become such a participant. The court also notes that even if Damhesel had a private right of action under the Housing Act, he has failed to allege facts to suggest that he was denied any specific right in the Housing Act by the CHA. Therefore, CHA's motion to dismiss the Housing Act claim (Count III) is granted.

IV. Equitable and Public Policy Considerations

Damhesel's novel legal argument that he has certain legal protections based merely on the fact that he was eligible for the Voucher Program is not supported by any controlling precedent, and the facts presented in this case do not run afoul of equitable or public policy considerations. The CHA, in implementing the Voucher Program, is charged with assisting those in financial need with obtaining needed

7

shelter. *See Eidson*, 745 F.2d at 457 (explaining that "Section 8 authorizes the Secretary to make "assistance payments . . . with respect to existing, newly constructed, and substantially rehabilitated housing for the purposes of aiding lower-income families in obtaining a decent place to live and of promoting economically mixed housing")(internal quotations omitted)(quoting 42 U.S.C. § 1437f(a)). There is no justification under the law or in equity to charge the CHA with the legal obligation to oversee the rights of all persons that are merely eligible for the Voucher Program and provide hearings and/or other forms of review advocated by Damhesel relating to expiration of eligibility. The record reflects that there are ample persons in need of assistance who are participants in the Voucher Program. The Seventh Circuit has noted "that there are not enough Section 8 housing units to accommodate all who are eligible and willing to take them," and that the CHA must "allocate these limited and valuable benefits among a large number of eligible applicants." *Eidson*, 745 F.2d at 457, 461 (stating that "Section 8 is aimed at providing benefits to a class of lower-income families, but the program establishes no preferences regarding the allocation of these scarce benefits among the eligible class members"); *see also Fincher v. S. Bend Heritage Found.*, 606 F.3d 331, 336 (7th Cir. 2010)(declining to overturn *Eidson*). Nothing in Housing Act, or any other federal law would obligate the CHA to expend additional time and resources for persons such as Damhesel who are given adequate notice of the expiration terms and do not take any of the steps necessary to participate in the program.

Damhesel also argues that he did not violate any rules of the Voucher Program

8

and it is unfair that he was removed from it, but his own facts alleged in the complaint show that he was not removed from the Voucher Program by CHA. Damhesel's alleged facts show that the Voucher simply expired in accordance with the terms specified on the Voucher. Thus, equitable and public policy considerations support a dismissal of the instant action.

V.  Remaining State Law Claims

CHA argues that the certiorari and mandamus claims are state law claims and that the court should decline to exercise supplemental jurisdiction over such claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts"). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, "in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law

9

claims. The instant action is still in the pre-trial stage and there is not sufficient justification to proceed solely on the remaining state law claims. The remaining state law claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, CHA's motion to dismiss is granted in part, and the remaining state law claims are dismissed without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 13, 2015